Mace *v.* Heald.

---

## MACE *versus* HEALD AND TRUSTEES.

Whether a person is chargable as trustee, must be determined by the facts, existing at the time of the service of the trustee process.

A mortgagee of personal property is not chargable as trustee of the mortgager, when he has no other possession of the property mortgaged.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J.

Mace *v.* Heald.

THE substance of the disclosure sufficiently appears in the opinion of the Court. On the disclosure the supposed trustees were charged by the presiding Judge, and they excepted.

*Foster,* for plaintiff.

*J. S. Abbott,* for trustee.

SHEPLEY, C. J. — White and Norris, who have been summoned as the trustees of Heald, received from the firms of Heald and Brown and Heald and Eldridge a conveyance in mortgage of certain personal property to secure to them the payment of what might be due to them for supplies furnished for cutting and hauling logs. Heald was a partner in both firms. The mortgage was duly recorded. Heald also conveyed to White and Norris certain lands and received from them a written contract for their re-conveyance upon payment of the amount due from him and from the two firms, of which he was a member. The disclosure made by Norris for himself and White states, that no part of the personal property came to their possession before service of the writ was made upon them excepting two horses and twelve oxen valued at $652. After the service and before the disclosure they appear to have received other portions of the personal property.

Whether they are to be charged as trustees must depend upon the state of facts existing at the time, when service was made upon them. They had not then received from the personal property sufficient to pay the amount due to them. They cannot be charged as trustees for any of the personal property conveyed to them in mortgage, of which they had then no possession. The record of the mortgage is equivalent to actual possession for the preservation of their title, but not to make them accountable for the property as trustees. *Pierce* v. *Haines and trustee,* 35 Maine, 57.

They cannot be charged on account of the real estate conveyed to them. All fraud is denied in the owners; and there

is no sufficient proof of it disclosed to authorize the Court to charge them as fraudulent grantees, or purchasers.

*Exceptions sustained and trustees discharged.*

Rice, Appleton and Cutting, J. J., concurred.